City of New York v Tri-Rail Constr., Inc. (2018 NY Slip Op 04954)





City of New York v Tri-Rail Constr., Inc.


2018 NY Slip Op 04954


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


7040 450129/16

[*1]The City of New York, Plaintiff-Respondent,
v
Tri-Rail Construction, Inc., et al., Defendants-Appellants.


Keane & Bernheimer, PLLC, Valhalla (Connor W. Fallon of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Fay Ng of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about February 23, 2017, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff (the City) seeks money damages for injury to trees caused by the sidewalk repairs performed by defendants for the adjacent property owner. The motion court erred in ruling that the City has the capacity to sue for the negligent destruction of its property. A municipality does not have a common-law right to bring suit; its right to sue, if any, "must be derived from the relevant enabling legislation or some other concrete statutory predicate" (Community Bd. 7 of Borough of Manhattan v Schaffer , 84 NY2d 148, 155-156 [1994]). Rules of City of New York Department of Parks and Recreation (DPR) (56 RCNY) § 5-01(c) permits DPR to "seek damages" against persons who "cut, remove, or destroy" its trees without a permit (see 56 RCNY 1-04[b][1][I]). However, the relevant enabling legislation, which authorizes DPR to promulgate rules regarding the cutting, removal, and destruction of its trees, does not authorize a municipal right of action to recover money damages for injury to the trees (see New York City Charter § 533[a][9]; Administrative Code of the City of New York § 18-107[e]). 56 RCNY 5-01(c) is therefore "out of harmony" with the statute, and we hold that it is invalid (see Matter of Jones v Berman , 37 NY2d 42, 53 [1975]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK